BROWN v. GEORGE I. ROBERTS & BROS., Inc.

(Supreme Court, Appellate Division, Second Department. December 13, 1912.)

1. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

Where a pedestrian, upon seeing a horse and wagon approaching, steps sufficiently close to the curb to leave ample room for them to pass, and is injured through the horse's being unexpectedly turned toward her, she is not per se negligent for failure to get upon the curb.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—INJURY TO PEDESTRIAN—NEGLIGENCE—QUESTION FOR JURY.

Where, in a pedestrian's action for injuries from a passing horse and wagon, there was evidence that she had stepped close enough to the curbing to leave ample room for them to pass, and that her injury was due to the driver's having suddenly turned his horse toward her when she was in plain view, the question of the driver's negligence was for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

On motion for reargument. Judgment reversed, and new trial granted.

For former opinion, see 137 N. Y. Supp. 1112.

Argued before JENKS, P. J., and THOMAS, CARR, and WOODWARD, JJ.

Burt L. Rich, of Brooklyn, for appellant.

Edward Stetson Griffing, of New York City, for respondent.

THOMAS, J. [1, 2] Plaintiff, going down Nassau street in the city of New York, saw defendant's approaching horse and wagon some 40 feet on her left on John street. She was then about to step off the curb, and did so, but at once withdrew towards and so close

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep r Indexes

to the curb that her dress touched it, to allow the horse to pass, as there was ample room to do. But the horse, coming straight theretofore at the corner, turned sharply towards and upon her, and for the injury the action was brought. She was in a safe place, had the horse been kept straight in the way; but when, going at a good pace, he was turned right upon her while she was in plain view of the driver, her position was made dangerous and injury followed.

It cannot be said that a pedestrian is per se negligent for failure to scurry back upon the curb when a team is seen approaching. This would make traveling in a city street, far beyond the present practice, an alternation of progressions and retrogressions at crossings. It is the custom for the pedestrian to escape the danger menaced by trucks approaching with unabated pace by retreating a step or more, as the occasion may require; but it is not the usage or requirement that he shall retrace his way to the level of the curb, unless the team ruthlessly or of right comes upon him in such way as to demand that he do it. The driver had no right to turn his team against the pedestrian at the time of passing, and his abrupt maneuver in the present instance, if the plaintiff tells the truth, demands that the jury consider whether he was negligent, and also the conduct of the plaintiff as bearing upon the question of due care on her part. The complaint sufficiently charges the ownership of the team, to which there is no denial in the answer.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.